**ROBINETTE et al. v. SIDENER.** *

Circuit Court of Appeals, Eighth Circuit. May 6, 1929.

No. 8278.

F. Dumont Smith, of Hutchinson, Kan. (Eustace Smith and Arthur T. Symns, both

*Rehearing denied August 13, 1929.

of Hutchinson, Kan., on the brief), for appellants.

Austin M. Cowan, of Wichita, Kan. (John W. Davis, of Greensburg, Kan., and Chester I. Long, of Wichita, Kan., on the brief), for appellee.

Before STONE, LEWIS, and COTTER-AL, Circuit Judges.

LEWIS, Circuit Judge. S. D. Robinette, a citizen and resident of Kansas, died in 1916. He left a will that was brought in contest as to its validity, but that litigation seems to have been adjusted and settled between his named legatees and heirs. He named appellee Sidener, E. A. Northrup, and M. B. Gamble as his executors. They qualified and settled his estate.

This suit involves the interests of the decedent in nine quarter-sections of land in Kiowa county, Kansas. In seven of those quarters Robinette, Sidener, and Henry Wacker each had a third interest, and in the other two quarters Robinette and Sidener each had a half-interest; such title as they had was in Robinette at the time of his death. The land had belonged to one Burton. It was sold to satisfy a mortgage. Burton died. His heirs were not able to redeem from the foreclosure sale, so Robinette, Sidener, and Wacker furnished to one of the Burton heirs the necessary funds to make the redemption, and the Burton heir then conveyed the nine quarters to Robinette. The other Burton heirs then sued claiming the redemption inured to them also. We gather from what is said in the pleadings here and in proceedings in the state courts that the Burton suit failed. Anyhow, the land finally went to Robinette, Sidener, and Wacker. Thereafter two partition suits were brought in the state district court by two of Robinette's executors, Northrup and Gamble, one against Sidener and Wacker as to the seven quarters, and the other against Sidener as to the two quarters. The lands were appraised in those suits, the two executors elected not to take the lands or any part of them in either suit at their appraised value, Wacker elected not to take the seven quarters or any part of them at their appraised value, and Sidener elected to take all of the nine quarters at their appraised value. The court found that the total appraised value of the seven quarters was $43,698.00, and ordered that Sidener pay Robinette's executors one-third thereof and one-third to Wacker, and that the costs be divided equally between the parties. In the other case the court found the appraised value of the two quarters to be $15,000.00 and ordered

that Sidener pay to the executors one-half thereof, and that the costs be apportioned between them. All of this appears from the court's record as of date February 13, 1917. The sheriff conveyed the lands to Sidener, and he later sold all of the lands.

On March 6, 1918, the three executors made report to the probate court of Kiowa county, in which they stated they had received $18,666.66 for the interest of the Robinette estate in the seven quarters and $9,000.00 for its interest in the two quarters. On November 25, 1918, they filed an additional report in probate, and set up that they had made a mistake in their prior report in stating the amounts received for the interest of the Robinette estate in the lands. In that report they set up the proceedings in the two partition suits, that in those suits Sidener elected to take the lands at their appraised value, that the lands were all sold to him in those suits by the sheriff at their appraised values, were deeded to him by the sheriff pursuant to said sale, and the sale confirmed by the district court. The mistake, they alleged, consisted in reporting $18,666.66 instead of $14,566.00 as the amount received for the estate's interest in the seven quarters, and $9,000.00 instead of $7,500.00 for the two quarters. This report was approved by probate order, and the executors were authorized to make the corrections. In fact, no money was paid to the executors; credit was taken on a note given for money borrowed to redeem from the Burton mortgage sale.

Sidener sold the seven quarters for $54,500 and the two quarters for $15,500.

This suit was brought by the heirs of Robinette against Sidener. It is averred in the complaint that the heirs as such first brought a suit against the executors and all of the beneficiaries named in the will to set aside the will of S. D. Robinette; that in March, 1919, that litigation was terminated by agreement, in which all rights of parties interested in the estate were fixed. That agreement, of date January 22, 1919, is set out in full as though it were the basis of this action, and the case was tried and submitted to the jury on that theory, although the contract was not executed by defendant Sidener in his individual capacity but as one of the three executors, and also as president of the Bank of Greensburg, Kansas, which was interested in the estate of S. D. Robinette. The particular part of the agreement relied upon and set out in the complaint is this:

"Whereas, the late S. D. Robinette is interested with B. A. Sidener, and H. W. Wacker in certain lands known as the Burton

lands, in which Robinette had one-third interest as to certain lands, and one-half interest as to certain lands which lands have been partitioned and title to them taken by said Sidener, and the same sold or contracted to be sold, and there being some question as to the title thereof.

"Now therefore it is agreed as a separate stipulation that whenever said titles are passed and the lands fully disposed of, that said Sidener shall pay to the complainant heirs, the proportion of the profit above expenses as to each quarter, and pending such final settlement, the heirs agree to deposit at the Home State Bank $5000, of their bonds, as a guarantee against loss to the said Sidener, in case the Burton heirs are permitted to redeem and obtain any portion of the said lands. Before accounting to the said Robinette heirs for the proceeds of said land, the said Sidener shall deduct all costs and attorneys fees, and other expenses paid by him in the partition of said lands and in the perfection of said titles."

Appellants also say that Sidener as cotenant with Robinette, and later with his heirs or devisees, and also being in a representative capacity as an executor, must fully account. The trial seems to have proceeded on that basis. Nor is it contended that the state district court exceeded its jurisdiction and did not keep within statutory procedure and limitations in the partition suits, nor that final settlements in probate court are vulnerable to collateral attack. Appellants seem to take the position that Sidener's relation and duties were such that he cannot take advantage of those orders and decrees. There was a verdict and judgment for plaintiffs; they have appealed; the defendant has not. He is content, and so we put aside the suggested inquiries and come to examine whether appellants are entitled to a reversal. They sue for a fixed sum, arrived at by holding Sidener to the amounts named in the executors' first report—$18,666.66 and $9,000.00; then allowing credits they asked judgment for a claimed balance due them of $8,360.00. The jury gave them a verdict for $1,530.00, which was tendered by defendant, and interest from January 22, 1919. We cannot agree with the basis of plaintiffs' claim, that is, that Sidener was absolutely bound by the amounts stated in the first report in probate. The question was, How much in fact did Sidener eventually receive on sale of the land? His was the only testimony on that subject—$54,500 for the seven quarters and $15,500 for the two quarters. This made a difference in favor of Sidener

in the basis on which plaintiffs rested their case. There were other small receipts that came in from the land, and much testimony was offered about expenditures that should be allowed Sidener as to amounts and character, for which Sidener claimed credit. On the whole these were in large part questions of fact for the jury, were so submitted, correctly we think, by the trial court, and no exceptions thereto taken or errors assigned on the charge. We have no right to review them.

As to the errors that were assigned, the case might well be affirmed solely because of appellants' failure to comply with our Rules 11 and 24. Affirmed, with costs.